# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK F. DEMERY, | CASE NO. 1:10-cv-00880-OWW-SKO PC |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE ANY CLAIMS |
| v. | |
| A. ENENMOH, et al., | (Doc. 10) |
| Defendants. | THIRTY-DAY DEADLINE |

**Screening Order**

**I.  Screening Requirement and Standard**

Plaintiff Patrick F. Demery, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California law on May 17, 2010. Pending before the Court is Plaintiff's amended complaint, filed June 29, 2010.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1] Plaintiff filed this case along with inmates Martinez and Ruiz. On June 1, 2010, the Court severed the inmates' claims from one another, directed the Clerk of the Court to open separate actions for inmates Martinez and Ruiz, and ordered all three inmates to file amended complaints.

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1949; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**II.     Plaintiff's Amended Complaint**

   **A.     Summary of Allegations**

Plaintiff, who is incarcerated at the California Substance Abuse Treatment Facility (SATF) in Corcoran, brings this action against Defendants Enenmoh and Does 1-10 for violation of the Eighth Amendment of the United States Constitution and California tort law. Plaintiff alleges that on March 27, 2008, he had orthoscopic surgery on his left knee, following which he had some complications. The surgeon prescribed Tylenol Number 3, physical therapy, and knee braces. When Plaintiff saw the surgeon on October 22, 2008, Plaintiff told him that he had not received anything the surgeon ordered.

On June 9, 2008, Plaintiff was hospitalized after vomiting blood. He was later diagnosed with severe stomach ulcers. Various medications that had been prescribed by doctors were never received.

Plaintiff filed an inmate appeal regarding these issues. Defendant Enenmoh, the Chief Medical Officer at SATF, denied the appeal on the ground that the recommendations by the outside doctors were not found to be medically necessary, and he failed to address the stomach ulcer issue.

### B.  Eighth Amendment Medical Care Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. For the following reasons, that limited circumstance is not present here.

A difference of opinion between physicians regarding treatment does not amount to deliberate indifference, and therefore, the decision of Plaintiff's treating prison physicians to follow a different course of treatment than that recommended by the outside physicians is not, by itself, sufficient to support a claim for relief. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Even more attenuated is Defendant Enenmoh's involvement, which arises from his denial of Plaintiff's subsequent appeal. Absent the presentation of facts sufficient to show that an Eighth Amendment violation occurred in the first place, Plaintiff cannot pursue a claim against one who reviewed the administrative appeal grieving the underlying denial of medical care.

Because Plaintiff fails to allege facts demonstrating that Defendant Enenmoh knowingly disregarded a substantial risk of harm to his health, Plaintiff fails to state a claim. Farmer, 511 U.S. at 837. Likewise, Plaintiff fails to state a claim against the Doe Defendants, whose involvement is not specified. It appears that Plaintiff named them as a catch-all to allow him to proceed against any individuals he may determine in the future violated his rights with respect to medical care. This is not permissible. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

### C. State Law Tort Claims

Plaintiff also alleges claims under California law for breach of fiduciary duty and intentional infliction of emotional distress.[2] Two threshold issues, the merits of Plaintiff's tort claims notwithstanding, are jurisdiction and exhaustion. First, if Plaintiff is unable to amend to state a viable federal claim in his second amended complaint, the Court will not exercise supplemental jurisdiction over any state law tort claims and they will be dismissed. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

In addition, California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2011). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim

---

[2] A breach of fiduciary duty is a tort distinct from professional negligence, and the elements are: (1) existence of a fiduciary duty; (2) breach of a fiduciary duty; and (3) damage proximately caused by the breach. Slovensky v. Friedman, 49 Cal.Rptr.3d 60, 72 (Cal. Ct. App. 2006) (citing Stanley v. Richmond, 41 Cal.Rptr.2d 768, 776 (Cal. Ct. App. 1995)) (quotation marks omitted). The elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Simo v. Union of Needletrades, Industrial & Textile Employees, 322 F.3d 602, 621-22 (9th Cir. 2003) (citing to Christensen v. Superior Court, 54 Cal.3d 868, 903 (1991)) (quotation marks omitted). Plaintiff's factual allegations do not support a claim against Defendant Enenmoh under either theory of recovery.

4

against a public employee, Plaintiff must allege compliance with the Tort Claims Act, which he has not done. Shirk, 42 Cal.4th at 209; Bodde, 32 Cal.4th at 1239; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

**III.      Conclusion and Order**

Plaintiff's amended complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file a second amended complaint curing those deficiencies which Plaintiff believes, in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). While it is permissible for Plaintiff to name Doe defendants, the requirement that Plaintiff demonstrate the personal involvement of each defendant extends to Does. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (dismissal of Doe appropriate if complaint failed to state a claim against him). The Court must be able to ascertain their involvement and identify any cognizable claims against them, as Plaintiff is required to amend to substitute their identities once he is able to do so.

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

///

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's amended complaint, filed June 29, 2010, is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:** **May 16, 2011**          /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE