# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK F. DEMERY, | CASE NO. 1:10-cv-00880-LJO-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF STATE LAW CLAIMS FOR LACK OF JURISDICTION AND DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| A. ENENMOH, | |
| Defendant. | |
| | (Doc. 15) |
| | THIRTY-DAY OBJECTION DEADLINE |

**Findings and Recommendations Following Screening of Second Amended Complaint**

**I.     Screening Requirement and Standard**

Plaintiff Patrick F. Demery, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California law on May 17, 2010. On May 17, 2011, the Court issued its first screening order and dismissed Plaintiff's amended complaint, with leave to amend, for failure to state any claims.[1] Pending before the Court is Plaintiff's second amended complaint, filed on June 8, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

---

[1] Plaintiff filed this case along with inmates Martinez and Ruiz. On June 1, 2010, the Court severed the inmates' claims from one another, directed the Clerk of the Court to open separate actions for inmates Martinez and Ruiz, and ordered all three inmates to file amended complaints.

1

1  malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief
2  from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §
3  1915(e)(2)(B)(ii).

4       A complaint must contain "a short and plain statement of the claim showing that the pleader
5  is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
6  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
7  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell
8  Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's
9  allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v.
10 Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation
11 omitted).

12      Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
13 liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
14 higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive
15 screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to
16 allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged,
17 Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572
18 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not
19 sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal,
20 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

21 **II.    Plaintiff's Eighth Amendment Medical Care Claims**
22     **A.    Allegations**
23      Plaintiff, who is incarcerated at the California Substance Abuse Treatment Facility and State
24 Prison in Corcoran, brings this action against Defendant Anthony Enenmoh, Chief Medical Officer,
25 for violation of the Eighth Amendment of the United States Constitution and California tort law.
26      Plaintiff alleges that on March 27, 2008, he had orthoscopic surgery on his left knee,
27 following which he had some complications. Plaintiff saw the surgeon for follow-up appointments
28 ///

on June 21, 2008, August 13, 2008, October 22, 2008, November 17, 2008, and January 5, 2009. Each visit, Plaintiff complained of ongoing, extreme pain.

Plaintiff was also submitting health care services request forms at the prison, complaining of ongoing pain and seeking to be seen by the institution doctor.

On October 23, 2008, Defendant Enenmoh approved physical therapy for Plaintiff two times a week for four weeks. However, Plaintiff never received any physical therapy and when he filed an inmate appeal grieving the lack of physical therapy, Defendant Enenmoh reversed his previous order on December 16, 2008, leaving Plaintiff to suffer in pain.

On June 9, 2008, Plaintiff was taken to an outside hospital for abdominal pain and vomiting. Plaintiff was examined and treated, and the doctor prescribed morphine and Protonix. Defendant Enenmoh discontinued Plaintiff's prescriptions without examining him or speaking to him.

**B.   Legal Standard**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate a link between actions or omissions of each named defendant and the violation of his rights; there is no *respondeat superior* liability under section 1983. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

To maintain an Eighth Amendment claim based on medical care in prison, Plaintiff must show deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted). The two-part test for deliberate indifference requires Plaintiff to show (1) a serious medical need by demonstrating that failure to treat his condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted). Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or

possible medical need, and harm caused by the indifference, and it may be manifested when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Id. (citation and quotations omitted).

However, medical malpractice does not become a constitutional violation merely because the victim is a prisoner. Estelle, 429 U.S. at 106 (quotation marks omitted); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by* WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Deliberate indifference is a high legal standard. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (quotation marks omitted). Under this standard, the prison official must not only be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, but that person must also draw the inference. Toguchi, 391 at 1057 (citing Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)) (quotation marks omitted). If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Id. (citing Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)) (quotation marks omitted).

**C.   Discussion**

The Court finds that Plaintiff's allegations fall short of supporting a viable claim for relief under the Eighth Amendment. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949; Moss, 572 F.3d at 969. Plaintiff has alleged the existence of a serious medical need relating to his left knee pain and to the stomach pain and vomiting. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (citation omitted); Doty v. County of Lassen, 37 F.3d 540, 546 n.3 (9th Cir. 1994). However, Plaintiff has not alleged sufficient facts to support a plausible claim that Defendant Enenmoh acted with deliberate indifference to those medical needs.

At most, Plaintiff's allegations show that Defendant Enenmoh ordered physical therapy in October 2008 and then cancelled the order in December 2008. A disagreement in treatment will not support a claim under section 1983, and although the Court is mindful that this is the pleading stage, there must be some facts supporting the existence of the subjective state of mind of deliberate indifference. Toguchi, 391 F.3d at 1057; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986);

4

1  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  Here, attributing such a motive to
2  Defendant Enenmoh is speculative at best.  Iqbal, 556 U.S. at __, 129 S.Ct. at 1949; Moss, 572 F.3d
3  at 969.
4         Likewise, Plaintiff's claim based on his hospitalization is not cognizable.  Defendant
5  Enenmoh's decision to discontinue the prescriptions ordered or recommended by the outside doctor,
6  without more, does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240,
7  242 (9th Cir. 1989).
8  **III.    Conclusion and Recommendation**
9         The Court finds that Plaintiff's second amended complaint does not state a claim upon which
10 relief may be granted under section 1983.  Plaintiff was previously given notice of these deficiencies
11 and an opportunity to amend, and therefore, further leave to amend is not warranted.  Lopez, 203
12 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Because Plaintiff has not
13 stated a viable federal claim, there is no supplemental jurisdiction over Plaintiff's state law tort
14 claims and the Court expresses no opinion on the merits of those claims.  28 U.S.C. § 1367(a);
15 Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).
16        Accordingly, it is HEREBY RECOMMENDED that Plaintiff's state law claims be dismissed,
17 without prejudice, for lack of jurisdiction, and this action be DISMISSED, with prejudice, for failure
18 to state a claim under section 1983.
19        These Findings and Recommendations will be submitted to the United States District Judge
20 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
21 **days** after being served with these Findings and Recommendations, Plaintiff may file written
22 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
23 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
24 ///
25 ///
26 ///
27 ///
28 ///

specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     April 20, 2012**                                          /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE